UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Latoria Willis, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br><br><br>   -v.-<br>Fidelis Recovery Management, LLC,<br>First Financial Investment Fund IV, LLC and<br>John Does 1-25,<br><br>                        Defendants. | Civil Action No: 1:18-cv-791<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Latoria Willis (hereinafter, "Plaintiff" or Willis"), a Texas resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC against Defendant Fidelis Recovery Management, LLC (hereinafter "Defendant Fidelis") and Defendant First Financial Investment Fund IV, LLC (hereinafter "Defendant First Financial"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

1

collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of Texas, County of Travis, residing at 1112 Miss Kimberlys Lane, Plugerville, TX 78660.

8. Defendant Fidelis is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3300 Highlands Parkway SE, Suite 295, Smyrna, GA 30082.

9. Defendant First Financial is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 230 Peachtree St. NW, Ste 1700, Atlanta, GA 30303.

10. Upon information and belief, Defendant Fidelis is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Upon information and belief, Defendant First Financial is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of Texas;

  b. to whom Defendant Fidelis sent an initial collection letter attempting to collect a consumer debt;

  c. on behalf of Defendant First Financial;

  d. that falsely and deceptively makes settlement offers to collect more than the balance owed by the consumer; and

  e. that falsely and deceptively fails to advise the consumer that as part of her written validation request, information about a judgment if one exists will be provided;

  f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e, §1692f and §1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have

     any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to March 8, 2018, an obligation was allegedly incurred to ACSO of Texas, L.P ("ACSO").

24. The obligation arose out of a transaction involving a debt incurred by Plaintiff with ACSO in which Plaintiff used the ACSO loan funds primarily for personal, family or household purposes.

25. The alleged ACSO obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. ACSO is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. On a date better known to Defendants, ACSO sold or assigned Plaintiff's alleged debt to Defendant First Financial.

28. ACSO or Defendant First Financial contracted with the Defendant Fidelis to collect the alleged debt.

29. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *The March 8, 2018 Collection Letter*

30. On or about March 8, 2018, Defendant Fidelis sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Defendant First Financial. **See March 8, 2018 Collection Letter attached hereto as Exhibit A.**

### *Violation I*

31. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt <u>or a copy of the judgment against the consumer</u> and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

This is known as the "G Notice."

32. The "G Notice" in the March 8, 2018 Letter does not meet the required guidelines of the FDCPA because it falsely and misleadingly fails to advise the consumer that she has the right to request in writing a copy of any judgment against her.

33. Pursuant to §1692g(a)(4), if the consumer submits a written request, the debt collector must obtain and mail a copy of any judgments against the consumer to her.

34. This false and inaccurate portion of the "G-Notice" is deceptive and misleading because it fails to advise Plaintiff of the full range of her validation and informational rights under the statute.

35. Plaintiff sustained an informational injury as she was not fully apprised of her rights and responsibilities necessary to properly exercise her options under §1692g.

36. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

### *Violation II*

37. Defendant's letter offers Plaintiff settlement options to satisfy payment on the alleged debt.

38. The top header portion of the Letter states Plaintiff's "Account Information" advising her that her total balance due is $1,079.47.

39. Defendant's Letter then goes on to offer Plaintiff three settlement options:

   a. Single payment option – Take $47,417.21 off the balance and pay $61,529.79;

   b. 3 Month payment plan – Take $3,238.41 off the balance and then pay over 3 equal monthly installments of $251.87;

   c. Balance in full Payment plan – Make convenient monthly payments on the full balance due.

40. As Plaintiff's stated balance is only $1,079.47, the settlement options offered to her are false, deceptive and misleading as they cannot possibly apply in this instance.

41. In attempting to collect an amount of $61,529.79 from Plaintiff, Defendant is falsely representing the amount of the debt.

42. Further, Defendant is falsely and deceptively attempting to collect an amount not due by Plaintiff.

43. Defendant's letter is deceptive and misleading in that it proffers settlement offers which are inapplicable to Plaintiff's debt.

44. Plaintiff was injured as she was not able to take advantage of these options because they were attempting to collect an amount for <u>more than what she allegedly owed.</u>

45. As a result of Defendants' deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Defendants violated said section by:

    a. Falsely representing the character, amount or legal status of the debt in violation of §1692e(2);

    b. Making a false and misleading representation in violation of §1692e(10).

50. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §169fg *et seq.*

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

53. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt including "the collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." §1692f(1).

54. Defendants violated this section by unfairly attempting to collect an amount above what Plaintiff owed on the debt and which was neither authorized by the agreement creating the debt or permitted by law.

55. Plaintiff was faced with an imminent risk of harm as she was unfairly offered a settlement which attempted to collect an amount more than what she owed on the debt.

56. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

59. Pursuant to 15 U.S.C. §1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or <u>a copy of the judgment against the consumer</u> and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

This is known as the "G Notice."

60.    Defendant violated this section by falsely and deceptively misrepresenting the rights afforded the consumer in §1692g(a)(4) that the consumer may request in writing and the debt collector shall then provide a copy of any judgments obtained against her.

61.    Plaintiff sustained an informational injury as Defendant deceptively and misleadingly failed to inform Plaintiff of her right to request and obtain a copy of any judgments against her.

62.    This harmed Plaintiff as she was not aware that she had the right to make a written request for a copy of any judgments obtained against her.

63.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

64. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Latoria Willis, individually and on behalf of all others similarly situated, demands judgment from Defendant Fidelis Recovery Management, LLC and Defendant First Financial Investment Fund IV, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 17, 2018					Respectfully Submitted,

						STEIN SAKS, PLLC

						/s/ *Yaakov Saks*
						Yaakov Saks, Esq.
						285 Passaic Street
						Hackensack, NJ 07601
						Phone: (201) 282-6500
						Fax: (201) 282-6501

ysaks@steinsakslegal.com
*Attorneys for Plaintiff*